19-1129
Joseph Cracco v. Cyrus R. Vance, Jr., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand twenty.

Present:  AMALYA L. KEARSE
 ROSEMARY S. POOLER,
 GERARD E. LYNCH,
  *Circuit Judges*.

_____

JOSEPH CRACCO,

 *Plaintiff-Appellee*,

 v.  19-1129-cv

CYRUS R. VANCE, JR.,

 *Defendant-Appellant*,

CITY OF NEW YORK, POLICE OFFICER JONATHAN CORREA,
SHIELD 7869, TRANSIT DIVISION DISTRICT 4,
POLICE OFFICERS JOHN DOE,

 *Defendants*.
_____

Appearing for Appellant:  Elizabeth N. Krasnow, Assistant District Attorney (Patricia J. Bailey, Assistant District Attorney, *on the brief*) *for* Cyrus R. Vance, Jr., New York County District Attorney, New York, N.Y.

Appearing for Appellee: James M. Maloney, Port Washington, N.Y.

Appearing for Amicus Curiae: Daniel L. Schmutter, Hartman & Winnicki, P.C.,
Knife Rights Foundation, Inc. Ridgewood, N.J., *amicus curiae in support of Plaintiff-Appellee*.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED** with instructions to **DISMISS** the complaint as moot.

The District Attorney for New York County appeals from the March 28, 2019 judgment of the United States District Court for the Southern District of New York (Crotty, *J.*) granting summary judgment to Cracco and denying the district attorney's cross-motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Following his arrest and conviction for violating Section 265.01(1) of New York Penal Law, which prohibits possession of gravity knives, Cracco filed this action, seeking (among other things) a declaration that New York's prohibition of gravity knives was unconstitutionally vague. After the dismissal of various other claims, and other procedural developments irrelevant here, the district court granted Cracco's motion for summary judgment. The district attorney appealed. While the appeal was pending, the New York Legislature repealed the prohibition of gravity knives through Assembly Bill 5944, deleting from the Penal Law the contested prohibition in Section 265.01(1). In consequence, the district attorney argues that the case is now moot. We agree.

For a federal court to adjudicate a case, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997). Mootness is "standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Id.* at 68 n.22 (citation and internal quotation marks omitted). "Constitutional challenges to statutes are routinely found moot when a statute is amended." *Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 61 (2d Cir. 1992). Cracco concedes that as of today, there is no live case or controversy but argues that because there was a live case or controversy at the time the district court rendered its judgment, the case is not moot. This argument fails. There must be a live case or controversy "through all stages of federal judicial proceedings, trial and appellate." *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 44 (2d Cir. 2015) (citation and internal quotation marks omitted).

Cracco also argues that the case is not moot because New York Assembly Bill 5944 did not repeal the definition of gravity knives found in Section 265.00(5). While correct, this does not satisfy the live case or controversy requirement. The district attorney notes that the

challenged criminal prohibition "no longer exists," and there are no statutes that would allow prosecution based only on the definition of a gravity knife. Appellant's Br. at 27-29. Cracco does not identify any statutes that are enforceable by the district attorney based on the definition of "gravity knife" provided in Section 265.00(5). The relief that Cracco sought included a declaration that Sections 265.00(5) and 265.01(1) of the Penal Law are void for vagueness as applied to "criminal prosecutions for the simple possession of any folding knife" with certain characteristics. App'x at 78-79. The relief was tied to future criminal prosecutions. The repeal of the penal law provisions prohibiting the possession of gravity knives removes future criminal prosecutions from the equation.

No exception to the mootness doctrine applies. For example, this is not a case where the defendant is claiming that its voluntary compliance moots the case—the District Attorney functions separately from the New York legislature. There is also no evidence that New York will reenact the penal law prohibitions on possession of gravity knives if this court determines that the appeal is moot. New York is not a party to this proceeding and lacks any incentive to modify the law once this appeal concludes. *See Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 91-92 (2d Cir. 2005) (claim mooted by repeal of offending portion of statute because nothing in record indicated plan to reinstate repealed portion) (collecting cases); *see also Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 377 (2d Cir. 2004) ("Mindful of the deference due the legislative body, we are hesitant to hold that a significant amendment or repeal of a challenged provision that obviates the plaintiff's claims does not moot a litigation, absent evidence that the defendant intends to reinstate the challenged statute after the litigation is dismissed . . . .").

The parties dispute whether the district court's order should be vacated if moot. We find that it should. "Our ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment with directions to dismiss. However, in instances where the mootness is attributable to a change in the legal framework governing the case, and where the plaintiff may have some residual claim under the new framework that was understandably not asserted previously, our practice is to vacate the judgment and remand for further proceedings in which the parties may, if necessary, amend their pleadings or develop the record more fully." *New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 140 S. Ct. 1525, 1526 (2020) (citations and internal quotation marks omitted). "To determine whether vacatur is appropriate, we must look at the equities of the individual case." *Hassoun v. Searls*, No. 20-2056-cv, 2020 WL 5637598, at *5 (2d Cir. Sept. 22, 2020) (citation and internal quotation marks omitted). Vacatur is "generally appropriate where mootness arises through happenstance, or the unilateral action of the party prevailing below, but not where the appellant moots the case by settlement or withdrawing the appeal." *Id.* at *6 (citation and internal quotation marks omitted). "The reason for this is . . . to avoid giving preclusive effect to a judgment never reviewed by an appellate court." *New York City Emps.' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1435 (2d Cir. 1992).

Cracco does not assert residual claims under the new statutory framework that he could not assert previously, as the repeal removed not only Section 265.01(1) but all other penal law provisions attaching criminal consequences to the possession of gravity knives. Instead, Cracco argues that vacatur is unwarranted and inequitable under *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23-24 (1994). *Bancorp* involved a motion to vacate after a settlement

3

between the parties. 513 U.S. at 28. The Court found that the petitioner's "voluntary forfeiture of review" through settlement constituted a failure of equity. *Id.* at 26. Here, the district attorney did not voluntarily forfeit review of the district court's decision. There is no reason to depart from our traditional course of vacatur with an instruction to dismiss.

    We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, we dismiss the appeal as moot. The judgment of the district court hereby is VACATED and REMANDED with an instruction to dismiss the complaint as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk